[Cite as *State v. Shotwell*, 2012-Ohio-3484.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12AP010005 |
| PAUL W. SHOTWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the New Philadelphia
Municipal Court, Case No. TRD 0907037-
A, B


JUDGMENT:                                  Affirmed


DATE OF JUDGMENT ENTRY:      July 30, 2012


APPEARANCES:


For Plaintiff-Appellee                        For Defendant-Appellant


RONALD L. COLLINS                        GEORGE URBAN
Special Prosecutor For                      116 Cleveland Ave. NW, Suite 808
The City of New Philadelphia              Canton, Ohio 44702
714 North Wooster Avenue
Dover, Ohio 44622

*Hoffman, J.*

{¶1} Defendant-appellant Paul W. Shotwell appeals his conviction and sentence entered by the New Philadelphia Municipal Court, on one count of failure to stop after an accident, in violation of R.C. 4549.02, following a bench trial. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On December 28, 2009, Appellant was charged with one count of failure to stop after an accident, in violation of R.C. 4549.02, a misdemeanor of the first degree; and one count of failure to wear an occupant restraining device, in violation of R.C. 4513.263, a minor misdemeanor. Appellant appeared before the trial court for arraignment on February 2, 2010, and entered a plea of not guilty to the charges. Appellant also executed an Election to Appear before the Magistrate.

{¶3} After several continuances, the matter came on for bench trial on April 1, 2011.

{¶4} At approximately 1:15 am on December 23, 2009, Ohio State Highway Patrol Trooper Logan T. Putnam was dispatched to the scene of a two vehicle accident on Township Road 337 in Dover Township, Tuscarawas County, Ohio. When he arrived, Trooper Putnam observed a blue Ford Escort station wagon with heavy front end damage down an embankment, and a Jeep Cherokee, also with front end damage, partially in the roadway, sitting perpendicularly.

{¶5} Trooper Putnam found Gregory Scott, the driver of the Jeep Cherokee, still in the vehicle. Scott had injuries to his face and was bleeding from the mouth. He

was life-flighted from the scene.  Trooper Putnam ultimately cited Scott for driving under the influence.

{¶6}  The Ford Escort was empty.  Trooper Putnam checked the registration and learned Appellant was the owner.  After investigating the crash scene, Trooper Putnam proceeded to Appellant's residence, but did not make contact with anyone.  The trooper stated he cleared the scene at 2:22 am.

{¶7}  At approximately 10:00 pm on the day of the accident, Appellant arrived at the Ohio State Highway Patrol Post in New Philadelphia, Ohio, to give a statement regarding the accident.  Appellant told Trooper Putnam he was the driver of the Ford Escort and indicated Gary Schaar, his brother, was a passenger at the time. Trooper Putnam observed injuries to Appellant's person.  The head imprints on the windshield of Appellant's car coupled with the injuries Appellant sustained led Trooper Putnam to the conclusion Appellant had not been wearing a seatbelt.

{¶8}  As Appellant gave his statement, he advised Trooper Putnam, after he woke up, he checked on the other driver.  Trooper Putnam recalled Appellant stating Scott "wasn't too good" and Scott had referred to Appellant as "dad".  Appellant walked to Schaar's residence which was approximately one-half mile from the accident scene. Appellant explained he left the scene because he was scared.

{¶9}  Gregory Scott testified he left his residence sometime around midnight on December 23, 2009, to drive to a gas station to purchase snuff and more beer.  Scott did not recall Appellant approaching or talking to him after the accident, explaining he had a concussion and was under the influence of alcohol at the time.  Scott acknowledged he had been drinking heavily during the evening.

{¶10} Pam Shotwell, Appellant's mother, testified she asked Appellant to drive Schaar home on the evening of December 22, 2009, because Schaar was extremely intoxicated and was being disrespectful to her. Although Pam Shotwell could not remember the exact time, she believed it was sometime after 9:00 pm. The following morning, at approximately 9:00 am, Appellant came to his mother's home and asked to use her telephone in order to contact the State Highway Patrol. Appellant had neither a land line at his own residence nor a cell phone. Pam Shotwell stated she was present when Appellant made the call. After finishing the call, Appellant told his mother he had to go to the patrol post between 9:00 and 10:00 pm that evening.

{¶11} Karen Ayers, Appellant's live-in girlfriend, testified Appellant left their residence to assist his mother with one of Appellant's brothers sometime between 10:00 and 10:30 pm. Appellant arrived home at approximately 3:00 am, with his face covered in blood. Appellant advised Ayers he had been in an accident. He subsequently told Ayers he believed he was hit by a drunk driver because "the guy seemed like he was really out of it". Tr. at 53. Appellant informed Ayers the other driver had said something about his father.

{¶12} Appellant testified, after leaving his mother's house with Schaar sometime around 10:30 pm, the two brothers stopped at a local bar where Schaar purchased beer. Appellant and Schaar made a second stop at a Speedway gas station on Rte 39 in Sugarcreek. Thereafter, the two proceeded to Schaar's residence. Following the crash and after coming to, Appellant checked on Scott. Appellant testified he attempted to give Scott his name, address, and telephone number, to which Scott responded something about Appellant being his dad. Because no one arrived at the scene,

Appellant left and walked to Schaar's residence.  Schaar was not there, but Schaar's girlfriend, Lisa, was and she drove Appellant home.

{¶13}  The following morning, Appellant contacted the police and was informed to speak with Trooper Putnam when he came on for his shift later that day.  Appellant met with Trooper Putnam that evening and gave a statement.

{¶14}  After hearing the evidence, the magistrate found the State had proven beyond a reasonable doubt each element of each offense.  The magistrate issued a decision on April 1, 2011, and a decision with findings of fact and conclusions of law on May 5, 2011.  Appellant filed timely objections to the magistrate's decision.

{¶15}  Via Judgment Entry filed December 15, 2011, the trial court overruled the objections.  The trial court sentenced Appellant to a 180 day jail term, but suspended 160 days conditioned upon Appellant's completing 12 months of community control sanctions.

{¶16}  It is from his conviction and sentence Appellant appeals, raising as his sole assignment of error"

{¶17}  "THE APPELLANT'S CONVICTIONS FOR ONE COUNT OF FAILING TO STOP AFTER AN ACCIDENT IN VIOLATION OF R.C. 4549.02 WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶18}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983). See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶19} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182 (1990), certiorari denied, 498 U.S. 881 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260.

{¶20} Appellant was convicted of one count of failure to stop after an accident, in violation of R.C. 4549.02, which provides:

{¶21} "(A) In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or

collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

{¶22} "In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance."

{¶23} Appellant argues the evidence presented at trial, specifically his own testimony, established he fully complied with the notice requirements of R.C. 4549.02.

{¶24} When Trooper Putnam arrived at the accident scene at approximately 1:17 am, he found a damaged Jeep Cherokee occupied by Gregory Scott, the driver, who was injured and intoxicated.  Trooper Putnam also found an unoccupied Ford Escort, which was significantly damaged.  The driver of the Ford Escort, who was subsequently identified as Appellant, was not at the scene. After clearing the accident scene at approximately 2:20 am, Trooper Putnam proceeded to Appellant's residence, but his efforts to make contact with anyone were unsuccessful.

**{¶25}** Appellant contacted the police at approximately 9:00 that morning. According to Appellant, he was instructed to come to the patrol post in the late evening when Trooper Putnam began his next shift. Appellant appeared at the post sometime after 10:00 pm to speak with Trooper Putnam. Trooper Putnam recounted what Appellant had told him about the accident. Appellant indicated, after he came to, he checked on Scott who called Appellant "dad". Appellant advised the trooper he left the scene because he was scared. Appellant did not indicate he provided Scott with his contact information.

**{¶26}** Appellant testified on his own behalf and claimed he gave Scott his contact information, including his name and address. Appellant also testified he attempted to get help at two nearby homes, but no one answered.

**{¶27}** Although at trial Appellant stated he provided Scott with his contact information, Appellant failed to relay this fact to Trooper Putnam on the evening of the accident. The trial court was in the best position to assess the credibility of the witnesses, and this Court must defer to the trial court's decision. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). As the trier of fact, the trial court was free to accept or reject any or all of the testimony of the witnesses. Assuming, arguendo, Appellant did in fact provide Scott his contact information, it is obvious Scott was injured and unable to comprehend and record the information. Accordingly Appellant was obligated to "forthwith" notify the nearest police authority *and* remain at the scene until a police officer arrived.

**{¶28}** We find Appellant's conviction was based upon sufficient evidence and was not against the manifest weight of the evidence.

{¶29}  Appellant's sole assignment of error is overruled.

{¶30}  The judgment of the New Philadelphia Municipal Court is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur                        s/ William B. Hoffman                              
                                         HON. WILLIAM B. HOFFMAN


                                         s/ Patricia A. Delaney                             
                                         HON. PATRICIA A. DELANEY


                                         s/ Sheila G. Farmer                               
                                         HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                  :
                                               :
-vs-                                           :            JUDGMENT ENTRY
                                               :
PAUL W. SHOTWELL                               :
                                               :
    Defendant-Appellant                 :            Case No. 12AP010005


For the reasons stated in our accompanying Opinion, the judgment of the New Philadelphia Municipal Court is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER